FILED
August 24, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002043861

LAW OFFICES OF TODD A. MURRAY
Todd A. Murray, Esq. (CA State Bar #75364)
1050 Fulton Avenue, Suite 218
Sacramento, California 95825
Telephone: (916) 488-1795
Facsimile: (916) 481-5080

Attorney for Plaintiff
BRUCE FOX dba FOX MEDIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| | |
|---|---|
| In re<br><br>PONCE NICASIO BROADCASTING, LP,<br><br>Debtor. | Case No. 04-26255-B-7<br>Case No. 04-26256-B-7 |
| Bruce Fox et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Ponce Nicasio Broadcasting, Inc. et al.,<br><br>Defendants. | AP No. 06-02227-B<br>AP No. 06-02228-B<br><br>**OBJECTIONS TO 9017 DECLARATION OF RON V. BRIGGS**<br><br>**Trial Date: August 26, 2009**<br>**Time: 9:30 a.m.**<br>**Honorable Judge David E. Russell**<br>**Place: Courtroom 32** |

Plaintiff Bruce Fox dba Fox Media objects to the proposed 9017 Declarations submitted by Defendant Ron V. Briggs, individually and on behalf of Brian Briggs, and Ronald J. Briggs as set forth below.

1. **PLAINTIFF'S OBJECTIONS TO TESTIMONY SET FORTH IN PARAGRAPH NUMBER 6**

The defendant clearly attempts to re-litigate the original suit and tries to admit evidence that, by his own admission, was previously ruled inadmissible. The testimony is irrelevant, hearsay and not probative. It should be excluded.

## 2. PLAINTIFF'S OBJECTIONS TO TESTIMONY SET FORTH IN PARAGRAPH NUMBERS 8, 9 and 10

Again, Defendant attempts to re-litigate matters already litigated and decided against him. The trial court found that the sale to Paxson was "under the option" agreement and thus subject to the jury's verdict. And this ruling is clearly nunc pro tunc, i.e. effective as of the date of the sale to Paxson. But for Defendant's unsupported contention, the matter would not have needed to be litigated, Defendant's litigation of the matter, does not change the fact that the sale was 'under the option" and they owed a commission to Fox. The litigation only eliminated Defendant's unsupported claim. Defendant's attempt to testify to the contrary is unsupported opinion and irrelevant.

## 3. PLAINTIFF'S OBJECTIONS TO TESTIMONY SET FORTH IN PARAGRAPH NUMBER 12

The statement that "the partnership agreement mandated a buy-out" is unsupported by written evidence, is hearsay and violates the best evidence rule. It also is a legal conclusion.

## 4. PLAINTIFF'S OBJECTIONS TO TESTIMONY SET FORTH IN PARAGRAPH NUMBER 16 and 17

The fact that Defendants erroneously believed they owed Fox no money is irrelevant. A false and unsupported claim cannot be used to avoid the finding of fraudulent transfer and is therefore irrelevant. Defendants statement "that in his view" it was satisfactory, is clearly irrelevant and not admissible.

Additionally, his statement regarding his interpretation of Judge Kingsbury's ruling is equally irrelevant. His conclusion is simply wrong. He cannot base his actions on the court's denial of an injunction.

DATED: August 24, 2009        LAW OFFICES OF TODD A. MURRAY

By: /s/_____
Todd A. Murray
Attorney for Plaintiff BRUCE FOX